## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.:** |
| v. | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| JAMESON MEMORIAL HOSPITAL (a subsidiary of Jameson Health System, Inc.) | ) ) ) | |
| Defendant. | ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of race and to provide appropriate relief to Julie A. Bailey ("Ms. Bailey"), an African American female, who was adversely affected by such practices while employed by Defendant, Jameson Memorial Hospital (a subsidiary of Jameson Health System, Inc.) ("Jameson"). As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Ms. Bailey was denied the opportunity to advance into Defendant's MRI Department while similarly situated white employees were permitted to train and work within the department, including white employees who did not possess an MRI certification.

In addition, the Commission alleges that after Ms. Bailey filed a charge of discrimination alleging race discrimination with the EEOC, Defendant retaliated against her when it continued to deny her training and work opportunities within the MRI Department which impacted her earning potential. As a result of Defendant's failure to provide Ms. Bailey advancement opportunities into the MRI Department, she suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Western District of Pennsylvania.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, as amended 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.   At all relevant times, Defendant, Jameson Memorial Hospital (a subsidiary of Jameson Health System, Inc.. ("Jameson"), has been and is now doing business in the Commonwealth of Pennsylvania and the City of New Castle and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Julie Bailey filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7.  Since at least July of 2004, Defendant Employer has engaged in unlawful employment practices at its New Castle, Pennsylvania location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by failing to provide Ms. Bailey advancement opportunities, including training, scheduled hours and/or a MRI Technician position, in the MRI Department because of her race (African American), based upon incidents which include, but are not limited to, the following:

(a)  Julie A. Bailey has been employed by Defendant since March 5, 2001.  At all relevant times, she held the position of Radiology Technician.  Ms. Bailey is an African American female.

(b)  From January 2004 through June of 2004, Ms. Bailey underwent classroom and clinical training in Magnetic Resonance Imaging ("MRI") at Jameson Health System School of MRI.

(c)  In and around July of 2004, Defendant offered additional MRI training and/or cross-training ("training") to its Radiographic Technicians.  However, Ms. Bailey was denied the opportunity for the additional MRI training hours in the MRI Department while similarly situated white co-workers, including white employees who were not MRI Certified, were afforded additional training hours.  Upon information and belief, at least one white female employee who did not possess an MRI Certification was given a MRI position in the MRI Department.

(d)  Defendant's policy states that "[a]ll full and part-time employees working in the Jameson MRI Department have MRI Registry [Certification]".  However, Defendant routinely permitted white employees without MRI Certification to train and work in the MRI department.

(e)  Defendant's facility, especially the MRI Department, was biased against black employees.  White employees regularly used racial epithets towards the African-American employees, including the term "nigger."  For instance, a white co-worker stated to Ms. Bailey that she had heard that Ms. Bailey had contacted the NAACP which the white employee referred to as

3

the "white limos." Moreover, the same white employee would refer to the NAACP as the organization that "makes money for niggers." When racial epithets and terms like "nigger" were made in the presence of Defendant's management, including Ms. Bailey's supervisor and department head, no corrective nor disciplinary action was taken.

(f) In and around July of 2005, Ms. Bailey passed her ARRT (MRI) Registry Exam and received her MRI Certification.

(g) Following the receipt of her MRI Certification, Defendant continued to deny Ms. Bailey advancement opportunities within the MRI Department. After receiving her MRI certification, Ms. Bailey actively sought additional training hours and/or hours in the MRI Department from both Defendant's Department Administrator and Head of Human Resources. Ms. Bailey was continually advised that there were no available positions. However, non-MRI Certified white employees were permitted to obtain additional training hours and/or work within the MRI Department. At least one of the non-MRI Certified white co-workers did not actively seek a position within the MRI Department, yet received additional training and hours.

8.     Since at least December of 2004, Defendant Employer has engaged in unlawful employment practices at its New Castle, Pennsylvania location in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by retaliating against Ms. Bailey as follows:

(a)    Following Defendant's denial of training and work hours within the MRI department, Ms. Bailey filed a Charge of Discrimination with the EEOC alleging race discrimination on or about December 1, 2004. As a result of her protected activity, Ms. Bailey suffered adverse action when she was continually denied additional training and hours in the MRI Department.

(b)    Moreover, white co-workers who were not MRI Certified were permitted to continue

4

training and/or working in the MRI Department.

9.    The effect of the practices complained of in paragraphs 7 and 8, and their respective sub-parts, above has been to deprive Julie A. Bailey of equal employment opportunities, including promotion/advancement and/or training opportunities in the workplace, and otherwise adversely affect her status as an employee because of her race.

10.    The acts complained of in paragraphs 7 and 8, and their respective sub-parts, above were intentional.

11.    The unlawful employment practices complained of in paragraphs 7 and 8, and their respective sub-parts, above were done with reckless indifference to the federally protected rights of Julie A. Bailey as an employee.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the bases of race and/or retaliation.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, which provide for an opportunity to be promoted/advance in the workplace, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D.    Order Defendant Employer to institute and carry out complaint procedures which

encourage employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Julie A. Bailey by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Julie A. Bailey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, and their respective sub-parts, above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Julie A. Bailey by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8, and their respective sub-parts, above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Julie A. Bailey punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8, and their respective sub-parts, above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public

interest.

K.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

STEPHANIE MARINO
Trial Attorney
PA I.D. # 77752
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Telephone: (215) 440-2841
stephanie.marino@eeoc.gov

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
PA I.D. # 42738
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

7

PITTSBURGH AREA OFFICE
LIBERTY CENTER, SUITE 300
TELEPHONE: (412) 644-6439
JEAN.CLICKNER@EEOC.GOV

8